UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHERINE BETHONEY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 19-10777-LTS |
| DAN YOUNGCLAUS, et al., | ) | |
| Defendants. | ) | |

ORDER

May 13, 2019

SOROKIN, D.J.

For the reasons stated below, the Court will abstain from exercising jurisdiction over this case and orders that this action be dismissed without prejudice.

Pro se litigant Katherine Bethoney has filed a complaint in which she asks this Court to assume jurisdiction over a pending state court proceeding concerning the care and protection of her three minor children. According to Bethoney, the three children (including a two-month old infant) were unlawfully taken from her custody on December 13, 2018. Bethoney asks that the Court order that the children be returned to her custody.

The complaint identifies Bethoney and her three minor children as defendants. The defendants are four employees of the Commonwealth's Department of Children and Family, the father of the three minor children, a state juvenile court judge, and two attorneys appointed to represent parties in the juvenile court proceeding. Bethoney has also filed various motions, including one for the prosecution of the father of the three children and another for leave to proceed in forma pauperis.

The Court grants the plaintiff's motion for leave to proceed in forma pauperis and proceeds to a preliminary review of the complaint. See 28 U.S.C. § 1915(e)(2). Upon this review, the Court concludes that it should abstain from exercising jurisdiction over this action.

"Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts . . . are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). Abstention is even appropriate where a litigant claims a violation of a federal right, as long as the federal claim can be raised and resolved somewhere in the state process. See Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004); In re Justices of Superior Ct. Dept. of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000).

In Moore v. Sims, 442 U.S. 415, 423-24 (1977), the United States Supreme Court made clear that a federal court should abstain and dismiss when a collateral challenge is mounted, as it is here, to state proceedings in which important family interests are being litigated. Although Bethoney claims that state courts have allowed the defendants to engage in conduct that violates her federal rights, the Court has no reason to believe that the Bethoney will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

In accordance with the foregoing, the Court hereby orders that:

1. The motion for leave to proceed in forma pauperis is granted.
2. All other motions are denied without prejudice.

3. This action is dismissed without prejudice.

SO ORDERED.

        /s/ Leo T. Sorokin
        UNITED STATES DISTRICT JUDGE